JOURNAL ENTRY and OPINION.
{¶ 1} Defendant appeals from his convictions for involuntary manslaughter with firearms specifications, felonious assault with firearms specifications, and having a weapon while under disability. He asserts the court erred by restricting his attorney's cross-examination of the state's witnesses, and by sentencing appellant to consecutive firearms enhancements under the same count of the indictment. We find no error and affirm the common pleas court's judgment.
 PROCEDURAL HISTORY {¶ 2} Appellant and three co-defendants were charged in a nine count indictment filed August 16, 2001. The indictment charged appellant with one count of aggravated murder, three counts of attempted murder, and having a weapon while under disability. Three firearms specifications were attached to each of the aggravated murder and attempted murder charges, with mandatory terms of imprisonment of one year, three years and five years respectively.
 {¶ 3} Appellant moved for and was granted a trial separate from his co-defendants. His trial began on March 28, 2002. The attempted murder victims testified, as well as two of appellant's co-defendants and others involved in the events, a deputy coroner, and three investigating police officers. The evidence showed that victims Artis Mattison, April Terrell and Dawn Wilford were sitting on the steps of an apartment building on East 117th street at approximately midnight on July 24, 2001; victim Angeline Driffin was walking on the opposite side of the street. Appellant and six other men drove by in a car and fired shots at both sides of the street. Mattison, Terrell and Wilford were wounded; a bullet severed an artery in Driffin's buttocks, and she died as a result.
 {¶ 4} Several of the other men who were riding in the car confirmed that appellant was with them, riding in the trunk with the lid ajar. They also confirmed that appellant fired a .38 or .32 caliber revolver that night. These men, all residents of East 108th Street, were acting in retaliation for two recent altercations they had had with another group of men from East 117th Street.
 {¶ 5} Following trial, the jury found appellant guilty of involuntary manslaughter and three counts of felonious assault, lesser included offenses of the aggravated murder and attempted murder charges. The jury also found that the criteria for all three firearms specifications were met as to each of these charges. Finally, the jury found appellant guilty of having a weapon while under disability.
 {¶ 6} The court sentenced appellant to eight years' imprisonment on the involuntary manslaughter charge, plus three and five year terms on the firearms specifications, to run consecutive to one another and prior and consecutive to the base sentence. The court also sentenced appellant to two years' imprisonment on one of the felonious assault charges, to run consecutive to count one, and two years' imprisonment on each of the remaining charges, to run concurrent with all counts. The court noted that this resulted in a total term of imprisonment of 18 years.
 LAW AND ANALYSIS {¶ 7} Appellant first contends that the court abused its discretion by limiting his cross examination of the state's witnesses. At trial, the state objected to questions which defense counsel posed to a co-defendant-witness, comparing the specific penalties the witness had faced on the original charges against him to the penalties for the lesser offenses to which he had plead guilty. The state urged that the jury was generally not allowed to know the potential penalty that could be imposed for a crime, and if the jury learned the potential punishment as to the witnesses it could apply that information to the defendant as well. After arguments by counsel, the court determined:
 {¶ 8} "I will allow defense to make inquiry that there is a substantial difference in potential penalties in both cases. They can use the word enormous. They can ask whichever they like. I am directing, however, defense not to ask in terms of specific years or parolability."[1]
 {¶ 9} Appellant contends that his right of confrontation requires that he be allowed to fully cross-examine witnesses as to any potential biases that might affect their testimony, including the beneficial effect of a plea agreement. "Because the possible bias of a witness is always significant in assessing credibility, the trier of fact must be sufficiently informed of the underlying relationships, circumstances, and influences operating on the witness `so that, in the light of his experience, he can determine whether a mutation in testimony could reasonably be expected as a probable human reaction.'" State v. Williams
(1988), 61 Ohio App.3d 594, 597 (quoting 3 Weinstein, Evidence (1988), Section 607[03], at 607-27). While we agree that a plea bargain may provide a motive to misrepresent the facts, and therefore is a proper subject of cross-examination, cf. Evid.R. 616(A), the specific extent of the benefit the plea bargain provided to the witness is not relevant to this purpose. The fact that the witnesses agreed to plead guilty to lesser charges and to testify against appellant is sufficient to demonstrate the witness' potential motive to misrepresent the facts. A comparison of the potential penalties under the plea agreement versus the original charges does not add to this demonstration.
 {¶ 10} Furthermore, we agree with the common pleas court that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. Evid.R. 403(A). The charges these witnesses originally faced were the same as those pending against appellant; the charges to which they plead guilty were lesser included offenses as to which the jury would likely be instructed. Thus, to inform the jury of the specific penalties available against the witnesses before and after their pleas would also inform the jury of the penalties the appellant faced. The potential that the jurors would improperly consider the available sentence in assessing appellant's guilt or innocence outweighs the minimal probative value of this specific information in assessing the witnesses' motive to misrepresent the facts. Therefore, we overrule the first assignment of error.
 {¶ 11} Second, appellant argues that the court erred by sentencing him for three-year and five-year firearms specifications attached to the same offense. He claims the three-year firearms specification should have been merged into the five-year specification because both enhancements were based on the same act.
 {¶ 12} The first of the three firearms specifications appended to the aggravated murder and attempted murder charges arose under R.C.2941.141 and called for a one-year mandatory prison term if "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense." The second, arising under R.C.2941.145, mandated the imposition of a three-year term if "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." The third specification, issued under R.C. 2941.146, required a mandatory five-year prison term if the offender committed a felony which included, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another and that was committed by discharging a firearm from a motor vehicle.
 {¶ 13} Under R.C. 2929.14(D)(1)(a) and (b), the court may impose one of the mandatory prison terms listed in R.C. 2941.141 or 2941.145 if the offender is convicted of a felony and specifications; the court may not impose more than one of these mandatory prison terms based on firearms specifications attached to felonies committed as part of the same act or transaction. Thus, the trial court here correctly sentenced appellant only to a mandatory three-year term of imprisonment based on the R.C. 2941.141 and 2941.145 specifications.
 {¶ 14} When an offender is found guilty of a specification of the type described in R.C. 2941.146, the court "shall impose an additional prison term of five years * * *." R.C. 2929.14(D)(1)(c). This term is in addition to, not an alternative to, the mandatory terms that may be imposed pursuant to either R.C. 2941.141 or .145. "If a court imposes an additional prison term on an offender" under this provision, "the court also shall impose a prison term under division (D)(1)(a) of this section relative to the same offense, provided the criteria specified in that division for imposing an additional prison term are satisfied * * *." R.C. 2929.14(D)(1)(c). Moreover, under R.C. 2929.14(E)(1)(a), "if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either [R.C. 2929.14(D)(1)(a) or (c)] consecutively to any other mandatory prison term imposed under either division, [and] consecutively to and prior to any prison term imposed for the underlying felony * * *." Therefore, it is clear that the legislature intended to cumulate the mandatory prison terms contained in R.C. 2941.141
and .145, on the one hand, and R.C. 2941.146, and to require them to be served consecutively to one another and to the prison terms for the base offense. Cf. State v. Beauford, Franklin App. No. 01AP-1166, 2002-Ohio-2016.
 {¶ 15} Accordingly, we overrule the second assignment of error.
Judgment affirmed.
Michael J. Corrigan, J. Concurs, Anne L. Kilbane, J., Concurs In Judgment Only With Separate Concurring Opinion.
[1] Appellant claims that his cross examination of other witnesses was similarly limited. However, appellant has not shown us where in the record the court sustained objections to his cross examination of these witnesses. Our review of the testimony of these witnesses did not reveal a line of inquiry asking the witnesses to compare their potential sentences before and after their pleas.